IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **GWENDOLYN MARIA LEVI,** | * | |
| Petitioner, | * | |
| | * | Civil Case No.: RWT-09-1981 |
| v. | * | Criminal Case No.: RWT-04-235 |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Gwendolyn Maria Levi's Motion To Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. Because the Court finds that Petitioner's § 2255 claims are either barred or unmeritorious, the Court will deny the § 2255 motion by separate order.

**I**

On April 23, 2004, Petitioner was arrested and charged with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. United States v. Levi, Criminal Action No. RWT-04-235 (D. Md. Oct. 12, 2006) (Judgment). Petitioner pleaded guilty to the charge pursuant to a plea agreement with the Government. See Gov't Opp'n Ex.1. By executing the plea agreement, Petitioner agreed to cooperate with the Government and to "testify fully and truthfully before grand juries and at any trial and other court proceeding with respect to any matters about which this office may require from her testimony." Id. at ¶ 5. In return, the Government agreed not to seek an enhanced mandatory minimum sentence of life imprisonment based upon Petitioner's prior felony drug convictions and to make a motion for a downward departure of up to four levels if the Government

determined that Petitioner fully cooperated and provided substantial assistance.  <u>Id.</u> at ¶ 7.  The agreement also allowed the parties to delay a sentencing hearing until Petitioner had cooperated completely.  <u>Id.</u> at ¶ 20.

On November 30, 2005, Petitioner was called to testify at the trial of three of her co-defendants.  <u>United States v. Levi</u>, 313 F. App'x 571, 572 (4th Cir. 2008).  She refused to testify.  <u>Id.</u>  A separate eight week trial for seven of Petitioner's co-defendants was scheduled to begin on June 6, 2006.  The Government requested and received a continuance of Petitioner's January 9, 2006 sentencing date until after the June 6, 2006 trial concluded.  <u>See</u> Def's Mot. Ex.3, at 8.  Petitioner ultimately did not testify at the June 2006 trial either.

Prior to Petitioner's sentencing, the Government moved the Court to be relieved of its responsibilities under the plea agreement.  At the hearing on the Government's motion, Petitioner contended that she had not violated the plea agreement by refusing to testify in the November 2005 trial.  <u>See</u> Def's Opp'n Ex.3, at 6.  She also argued that the Government had forfeited its right to seek any remedies for Petition's breach when it sought a continuance of the sentencing hearing.  <u>Id.</u> at 8–9.  Rejecting Petitioner's arguments, the Court concluded that Petitioner had breached the plea agreement.  <u>Id.</u> at 23.  On October 6, 2006, the Court sentenced Petitioner to 400 months imprisonment.  <u>Levi</u>, 313 F. App'x at 572 n.1.

Petitioner timely appealed to the Fourth Circuit, arguing that the Government had waived its right to request relief for the breach by seeking to continue Petitioner's sentencing after the breach occurred and by failing to affirmatively state to her co-defendants that she had violated her agreement to cooperate.  <u>Id.</u> at 572.  Finding Petitioner's argument "meritless," the Fourth Circuit affirmed Petitioner's conviction and sentence.  <u>Id.</u> at 573.

**II**

On July 27, 2009, Petitioner filed her pro se motion to vacate, set aside, or correct her conviction or sentence. In her motion, she alleges that (1) her guilty plea was unconstitutional because the Government breached the plea agreement and continued to receive benefits of the agreement; (2) counsel was ineffective for failing to move to enforce the plea agreement, failing to object to Government's use of her proffer, and failing to advise her on withdrawal of her guilty plea or plea agreement; and (3) the Government failed to give her the benefit of the information that she provided to the Government.

Petitioner's first and third claims are procedurally barred because they were raised directly on appeal. As mentioned, Petitioner argued on appeal that the Government continued to reap the benefits of the plea agreement and that she was denied any benefit for her cooperation. See United States v. Levi, 313 F. App'x 571, 572–73 (4th Cir. 2008). A § 2255 petition cannot be used to re-litigate questions raised and considered on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("Boeckenhaupt will not be allowed to recast, under the guise of collateral attack, questions fully considered by this court . . . ."). The Fourth Circuit has already denied Petitioner's appeal, and she cannot re-litigate the very same issues raised on appeal under § 2255.

Petitioner's second claim of ineffective assistance of counsel is likewise without merit. To determine whether assistance of counsel was constitutionally adequate, the Court applies the two prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner must show that counsel's representation fell below "an objective standard of reasonableness." Id. at 688. In evaluating counsel's professional competence, there is a strong presumption that defense counsel's conduct was within the wide range of reasonable professional assistance. Id.

at 689.  Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where a "reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  To prevail on a claim of ineffective assistance of counsel, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial".  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner has not satisfied either Strickland prong.  Petitioner nakedly asserts that counsel failed to move to enforce the plea agreement, failed to object to the use of her proffered statements, and failed to advise her on withdrawal of her guilty plea or plea agreement.  The record reflects, however, that defense counsel objected to the Government's motion to be relieved of its duties under the plea agreement, disputed whether Petitioner had violated the plea agreement, and argued that the Government waived its right to claim Petitioner had breached the agreement.  See Def's Mot. Ex.3, at 6–15.  Moreover, defense counsel was not obliged to advise Petitioner on her right to withdraw her guilty plea, especially when she was apprised of the plea agreement terms and entered it voluntarily.  See Def's Mot. Ex.2 (transcript of rearraignment).  Lastly, Petitioner does not even attempt to establish any prejudice resulting from these alleged errors.  Consequently, it cannot be said that Petitioner would have gone to trial but for counsel's advice.

For the foregoing reasons, the Court will, by separate order, deny Petitioner's Motions Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence [Paper No. 1304].

December 21, 2009

/s/<br>ROGER W. TITUS<br>UNITED STATES DISTRICT JUDGE