**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO.: DKC-04-0235** |
| | * | |
| **GWENDOLYN LEVI** | * | |
| | * | |
| | ******* | |

**GOVERNMENT MOTION TO STAY CONSIDERATION OF**
**PETITIONER'S MOTION UNDER 18 U.S.C. § 3582(c)(1)(A)**
**FOR COMPASSIONATE RELEASE**

The United States respectfully moves this Court for an order staying action on the pending motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release, which was filed on May 7, 2020 (ECF No. 1982), and included reference to an institutional request for a reduction in sentence submitted to the Bureau of Prisons on March 24, 2020. As explained more fully below, an order staying action on the pending motion for 14 days is appropriate to permit a thorough review of the matter by the Bureau of Prisons (hereinafter "the BOP").

**BACKGROUND**

On January 21, 2005, Gwendolyn Levi ("Petitioner") was charged in twelve counts of an eighty-two count Fourth Superseding Indictment. The Fourth Superseding Indictment charged Petitioner with: one count of conspiracy to distribute and possess with intent to distribute CDS, in violation 21 U.S.C. § 846 (Count One); six counts of distribution and possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §841(a)(1) (Counts Two, Five, Eight, Eleven, Twenty-One and Twenty-Two); two counts of using interstate travel and transportation in aid of a racketeering enterprise, in violation of 18 U.S.C. 1952 (Counts Twelve and Twenty); and, three counts of use of a communications device to facilitate narcotics trafficking, in violation of 21 U.S.C. § 843(b) (Counts Thirteen, Seventeen and Eighteen). Pre-

Sentence Investigation Report ("PSR") at 3, ¶ 1.

On April 19, 2005, Petitioner appeared before the district court and pled guilty to Count One of the Fourth Superseding Indictment.

On October 6, 2006, the district court sentenced Petitioner to a term of 400 months' imprisonment. ECF No. 979 (Judgment and Commitment Order) at 2.

On October 16, 2006, Petitioner filed a notice of appeal of the Court's final judgment and, on June 4, 2008, the Fourth Circuit affirmed the decision of the district court. ECF No. 982, 1216.

On February March 24, 2020, an administrative request for compassionate release was filed with the warden of the Federal Correctional Institution located in Aliceville, Alabama.[1] On March 25, 2020, the Bureau of Prisons initiated its administrative review of Petitioner's reduction in sentence request.

On May 7, 2020, while that administrative review was still pending, the Federal Public Defender, on behalf of Petitioner, filed a motion for compassionate release pursuant to the First Step Act requesting immediate release under § 3582(c)(1)(A). ECF No. 1982.[2] The government previously agreed to respond to Petitioner's motion for compassionate release by May 21, 2020. However, for the reasons that follow, the Government requests that this Court stay consideration of Petitioner's motion for compassionate release for 14 days to allow BOP adequate time to complete its administrative review of Petitioner's reduction in sentence request.

---

[1]    Petitioner is currently housed at FCI Aliceville in Aliceville, Alabama. *See* Federal Bureau of Prisons, Inmate Locator System (last accessed May 18, 2020), https://www.bop.gov/inmateloc/.

[2]    Relevant here, the First Step Act of 2018 amends 18 U.S.C. § 3582(c)(l)(A) to permit inmates in specified circumstances to file motions in their courts of conviction seeking compassionate release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. Previously, only the Director of the Bureau of Prisons could file such a motion. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

## **LEGAL FRAMEWORK**

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling reasons," consistent with applicable policy statements of the Sentencing Commission. The pertinent policy statement, U.S.S.G. § 1B1.13, defines specific medical, age, and family circumstances as possibly justifying a sentencing reduction under this statute, and further authorizes a sentencing reduction based on other extraordinary and compelling circumstances as identified by the BOP.

The statute, adopted as part of the Sentencing Reform Act of 1984, originally permitted judicial relief only upon a motion by the Director of the BOP. That provision was subsequently amended by Section 603(b) of the First Step Act, effective December 21, 2018. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 ("FSA, § 603(b)"). Prior to the Act, a motion for compassionate release could only be brought by the Director of the BOP. *United States v. Early*, 2019 WL 4576281, at *1 (W.D. Va. Sept. 20, 2019). Under the amended statute, the court may act "upon motion of the Director of the BOP, *or* upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A), the compassionate release statute, as amended by the First Step Act, provides in pertinent part:

> (c) Modification of an imposed term of imprisonment. — The court may not modify a term of imprisonment once it has been imposed except that —
>
> (1) in any case.—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

3

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

[…]

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[…].

18 U.S.C. § 3582(c)(1)(A).

The policy statements that cover 18 U.S.C. § 3582(c)(1)(A), which are set forth in the United States Sentencing Guidelines, outline the factors that a decision making authority should consider in determining whether a defendant should receive compassionate release based on an inmate's medical condition.  As is particularly relevant here, Application Notes 1(A) and 1(B) of § 1B1.13 of the policy statement defines "extraordinary and compelling" reasons based on medical condition and age as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2),[3] extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) *Medical Condition of the Defendant*.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—

---

[3]   Subsection (2) of § 1B1.13 establishes as a relevant factor that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

>> (I) suffering from a serious physical or medical condition,
>
>> (II) suffering from a serious functional or cognitive impairment, or
>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) *Age of Defendant*.— The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13 app. note 1(A-B) (emphasis added).

## ANALYSIS

Undersigned counsel has conferred with a representative from the BOP who reports that the agency has initiated its administrative review of Petitioner's reduction in sentence ("RIS") request and that request is currently pending approval from the warden of FCI Aliceville, Petitioner's institution of confinement.[4] Because the BOP is best equipped to evaluate and address such requests, the government strongly urges this Court to grant a limited stay of 14 days to allow the agency adequate time to conduct a thorough review. As the agency that has historically had the responsibility of reviewing and evaluating all requests for compassionate release, the BOP has general expertise in this area. In addition, the BOP is well positioned to gather all of the materials and information needed to conduct a thorough and complete analysis of both the merits of Petitioner's request and her ultimate plan for release. Indeed, the BOP, consistent with its historic practice under the statute, appropriately and necessarily evaluates numerous factors and solicits input from relevant offices before making a final determination. For example, prior to approving

---

[4] Following institutional approval, RIS requests are forwarded to the BOP's Central Office in the District of Columbia for review and final determination by the Director of BOP.

a request for a reduced sentence, pursuant to agency policy and Department regulation, the BOP conducts a thorough evaluation of the circumstances underlying the request, including gathering and assessing all pertinent institutional, medical, and other personal records. The review is conducted by the warden of the institution where the inmate is confined; the BOP General Counsel; the BOP Medical Director and/or the Assistant Director of the Correctional Programs Division, depending on the nature of the request; and ultimately the Director of the BOP. *See* 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. And, where an inmate's term of imprisonment is to be followed by a period of supervised release, the agency contacts the United States Probation Office for the district to which the inmate would be released to ensure that the proposed release plan required by 28 C.F.R. § 571.61(a)(2) is appropriate and that the location to which the inmate would be released comports with the terms of her supervised release. *See* BOP Program Statement 5050.50 at 14.

Accordingly, the Government strongly urges this Court to stay consideration of the instant motion for compassionate release for 14 days to allow the BOP to complete its review of Petitioner's pending administrative request. Such a stay will allow the BOP to conduct a thorough and comprehensive review of Petitioner's request, and will greatly aid this Court in the event that further consideration for compassionate release is necessary.

## **CONCLUSION**

For the reasons stated herein, the Government respectfully requests that this Court stay consideration of Petitioner's motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release

(ECF No. 1982) for 14 days to allow for completion of the BOP's administrative review.[5]

                Respectfully submitted,

                Robert K. Hur
                United States Attorney

By:              _____/s/_____
                Jonathan S. Tsuei
                Special Assistant United States Attorney

                _____/s/_____
                David I. Salem
                Assistant United States Attorney

---

[5] Assistant Federal Public Defender Sapna Mirchandani, counsel for Petitioner, indicates that she has no objection to the government's request for a 14-day stay of this matter.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2020, a copy of the foregoing Motion was delivered via ECF to Sapna Mirchandani, Esquire, counsel for the Petitioner.


By: _____/s/_____
       Jonathan S. Tsuei
       Special Assistant United States Attorney