IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| | ) | Case No. DKC-04-0235 |
| v. | ) | |
| | ) | |
| | ) | |
| GWENDOLYN LEVI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SUPPLEMENT IN SUPPORT OF AMENDED MOTION FOR REDUCED SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)

Gwendolyn Levi, through undersigned counsel, supplements her amended motion for a reduced sentence of time served under 18 U.S.C. § 3582(c)(1)(A)(i). *See* ECF No. 1998. The government opposes the requested relief, arguing *inter alia*, that Ms. Levi has not presented "extraordinary and compelling" reasons for relief because the Bureau of Prisons ("BOP") transferred her to home confinement pursuant to its authority under the CARES Act. *See* ECF No. 2033. Though the government does not argue that the transfer rendered Ms. Levi's motion moot, it contends that it "negate[s]" the risks she would contract COVID-19 in a crowded correctional facility. ECF No. 2033, at 3.

As Ms. Levi explains in her amended motion, reply, and opposition to the government's motion for leave to file a sur-reply, the government's argument is misplaced. *See* ECF Nos. 1998, 2018, 2034. Ms. Levi is still serving a custodial sentence that this Court has the authority to reduce upon a showing of "extraordinary

1

and compelling" reasons to do so. The BOP's decision to confine Ms. Levi at home does not lessen the "extraordinary and compelling" reasons presented for reducing her sentence to time served. Indeed, Judge Grimm implicitly recognized as such when he granted a sentence reduction for a defendant who had been transferred to home confinement under the CARES Act. *See United States v. Findley*, No. PWG-17-0315, ECF No. 51 at 1 & n.3 (D. Md. Jan. 29, 2021). As Judge Grimm explained, "[a]lthough on home confinement, [the defendant] remains within the BOP's legal custody and is subject to being returned to a prison facility." *Id.* at 1 n.3.

Indeed, a recent memorandum opinion from the Department of Justice Office of Legal Counsel ("OLC") confirms that Ms. Levi can—and will—be returned to the BOP after the pandemic ends. On January 15, 2021, the OLC issued a memorandum opinion stating that, once the CARES Act's covered emergency period ends, or the Attorney General revokes the requisite finding that emergency conditions are materially affecting the functioning of the BOP, the BOP will be "*required*" to recall prisoners unless they are otherwise eligible for home confinement under 18 U.S.C. § 3624(c)(2). *See* Exhibit 1 (Memorandum Opinion). Pursuant to § 3624(c)(2), the BOP has the authority to place an incarcerated individual on home confinement "for the shorter of 10 percent of the term of imprisonment of the prisoner or 6 months." Ms. Levi, whose projected release date is not until February 8, 2025, will *not* be eligible for continued home confinement under § 3624(c)(2) when the covered emergency period ends or if the Attorney General revokes the finding that emergency conditions are materially affecting the functioning of the BOP.

The risk of Ms. Levi being returned to the BOP is not hypothetical, as the government suggests in its proposed sur-reply. The OLC memorandum opinion leaves no doubt that the day will come, either because the covered emergency period ends or because the Attorney General decides to revoke the requisite finding, that Ms. Levi, who has nearly four years remaining on her sentence, will be recalled to serve the remainder of her term in a correctional setting.

So far, Ms. Levi, who is 75 years old, has spent more than eight months on home confinement. She has complied with every condition of release placed on her, she has maintained consistent communication with her probation officer, and she has promptly responded to every status check.

## CONCLUSION

For the reasons stated here and in previous filings related thereto, Gwendolyn Levi respectfully requests that the Court grant her motion for relief under 18 U.S.C. § 3582(c)(1)(A)(i) by reducing her sentence to time served.

Respectfully submitted,

JAMES WYDA
Federal Public Defender for the
District of Maryland


/s/ *Sapna Mirchandani*
Sapna Mirchandani
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Phone: (301) 344-0600
Fax: (301) 344-0019
*sapna_mirchandani@fd.org*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends notice of such filing to all registered counsel of record.

 /s/ *Sapna Mirchandani*
Sapna Mirchandani