IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

    v.                          :  Criminal No. DKC 04-0235-29

GWENDOLYN LEVI

**MEMORANDUM OPINION**

Defendant Gwendolyn Levi was sentenced to 400 months imprisonment on October 6, 2006, after pleading guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. (ECF No. 979). Her sentence was reduced to 292 months after the application of Amendment 782 on December 5, 2019. (ECF No. 1961).

Ms. Levi, through her attorney Sapna Mirchandani, Assistant Federal Public Defender, filed an emergency motion for a reduced sentence pursuant to 18 U.S.C. 3582 (c)(1)(A)(i) (ECF No. 1982). She asked the court to grant her motion for compassionate release by reducing her sentence to time-served or, alternatively, to reduce her sentence to 240 months' incarceration under Section 404 of the First Step Act. She filed an amended motion on June 5, 2020, seeking the same relief. (ECF No. 1992). Ms. Levi was transferred by the Bureau of Prisons to home confinement on June 3, 2020. Her amended motion omitted her request that the pandemic be

considered an "additional" reason for relief and asked that the motion be considered on an expedited basis.

The Government opposed her motion arguing that Ms. Levi has not established extraordinary or compelling reasons for compassionate release and that her release to home confinement sufficiently addresses her health concerns. (ECF No. 2012).  It did, however, acknowledge that she likely does not pose a significant danger to the community.  It emphasized the role she played, in travelling to New York to acquire heroin, and personally being involved in over 80 kilograms of heroin.  It also pointed to her criminal history that includes prior felony drug-trafficking and firearms convictions.  Ms. Levi filed a reply (ECF No. 2018), challenging the descriptions of her role and criminal history, and amplifying the procedural history of this case.  The Government filed a motion for leave to file a surreply (ECF No. 2033) which Ms. Levi opposed (ECF No. 2034).  In its proposed surreply, the government takes issue with some of the contentions made by Ms. Levi as to the potential length of home confinement under the current program.

More recently, Ms. Levi filed supplements (ECF Nos. 2064, 2076), and an Emergency Motion for hearing (ECF No. 2082). In a letter dated June 24, 2021, Counsel reported that Ms. Levi was in the D.C. Correctional Treatment Facility due to a possible violation of the rules of home confinement.  The motion filed

July 2, 2021, seeks a hearing in order to compel the government to explain why it continues to oppose her immediate release.

Ms. Levi has now served an additional 13 months in the custody of the BOP, albeit on home confinement, meaning that she has served approximately 70% of the sentence.  She has done well on home confinement, the current question of the missed call notwithstanding.  Because of her release to home confinement, the most pressing initial concerns (COVID, age, and health) were addressed.  Now, however, due to the potential return to full custody, it is appropriate to determine whether reduction to time served is consistent with the goals of sentencing.

Upon full consideration of the factors, the court concludes that it would do little (if anything) to serve the goals of sentencing to require her to return to full custody, and once she completes the BOP sentence, she will be on supervised release for five additional years.  The court has granted the motions for compassionate release by some others, including one who the original sentencing judge used for avoiding disparity purposes. During her incarceration, she took many courses, worked, and completed drug education.  She has only minor disciplinary infractions.  She is 76 years old and has some medical conditions.

Accordingly, the motions (ECF Nos. 1982, 1998) will be GRANTED and Ms. Levi's sentence will be reduced to time served. Given that she was recently on home confinement and had a release

plan approved some time ago, it appears that the structure of supervised release can be implemented without the 14 day period normally added to release orders to provide for transition.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge